1 | Martin Holly (State Bar No. 201421)
*mdh@manningllp.com*
2 | Anthony Werbin (State Bar No. 285684)
*aww@manningllp.com*
3 | **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
4 | 801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
5 | Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DIANE BAYS, | Case No. 2:18-cv-00085-CAS-KS |
| Plaintiff, | **ORDER RE STIPULATED PROTECTIVE ORDER** |
| vs. | |
| TARGET CORPORATION | |
| Defendant. | |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulatd Protective Order ("Stipulation") filed on May 30, 2018, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraph 7 of the Stipulation.**

//
//
//
//

1    IT IS HEREBY ORDERED, by the undersigned Judge of the District Court
2 of the Central District of California, under the terms of the stipulation executed by
3 the attorneys for the respective parties, that with regard to material disclosed in the
4 course of the above-captioned lawsuit ("Lawsuit") which constitutes or contains
5 trade secrets or other confidential research, development or commercial information
6 of the parties ("confidential material"), the following procedures shall govern:

7    1.    This Order is meant to encompass all forms of disclosure which may contain confidential material, including all documents, pleadings, motions, exhibits, declarations, affidavits, deposition transcripts, inspection reports, and all other tangible items (electronic media, photographs, videocassettes, etc.) For purposes of this Stipulated Protective Order confidential material is defined as Target Corporation's policies and procedures documents.

   2.    Good cause exists for this stipulated protective order because Target's policies and procedures documents contain proprietary information of Target and Target only authorizes production of these proprietary documents subject to a protective order. Target would suffer harm if its proprietary policies and procedures documents were disseminated.

   3.    The parties may designate any confidential material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by identifying such materials as confidential. Any material identified as confidential shall not be disclosed to any person or entity except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

   4.    Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

   5.    If additional persons become parties to this Lawsuit, they shall not have access to any confidential material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

   6.    In the event that any question is asked at a deposition that calls for the

1  disclosure of confidential material, the witness shall answer such question (unless
2  otherwise instructed not to do so on grounds of privilege) provided that the only
3  persons in attendance at the deposition are persons who are qualified to receive such
4  information pursuant to this Order.  Deposition testimony may be designated as
5  confidential following the testimony having been given provided that:  (1) such
6  testimony is identified and designated on the record at the deposition, or (2) non-
7  designating counsel is notified of the designation in writing within thirty days after
8  receipt by the designating party of the respective deposition transcript.  All
9  deposition transcripts in their entirety shall be treated in the interim as confidential
10 pursuant to paragraph 2 above.  When confidential material is incorporated in a
11 deposition transcript, the party designating such information confidential shall make
12 arrangements with the court reporter not to disclose any information except in
13 accordance with the terms of this Order.

14  7.  If a party believes that any confidential material does not contain
15 confidential information, it may contest the applicability of this Order to such
16 information by notifying the designating party's counsel in writing and identifying
17 the information contested.  The parties shall have thirty days after such notice to
18 meet and confer and attempt to resolve the issue.  If the dispute is not resolved
19 within such period, the party seeking the protection shall have thirty days in which
20 to make a motion for a protective order with respect to contested information.
21 Information that is subject to a dispute as to whether it  is properly designated shall
22 be treated as designated in accordance with the provisions of this Order until the
23 Court issues a ruling.  **The Challenging Party shall initiate the dispute resolution**
24 **process under Local Rule 37.1, et seq. and consistent with the Court's pre-**
25 **motion discovery procedures.  The Designating Party shall bear the burden of**
26 **establishing the propriety of the challenged designation.**
27  8.  Inadvertent failure to designate any material confidential shall not
28 constitute a waiver of an otherwise valid claim of confidentiality pursuant to this
3                                                                                         Case No.:18-cv-00085-CAS-KS
**ORDER RE STIPULATED PROTECTIVE ORDER**

1   Order, so long as a claim of confidentiality is asserted within fifteen days after

2   discovery of the inadvertent failure.  At such time, arrangements shall be made by

3   the parties to designate the material confidential in accordance with this Order.

4        9.      This Order shall be without prejudice to the right of any party to oppose

5   production of any information or object to its admissibility into evidence.

6        10.     When any counsel of record in this Lawsuit or any attorney who has

7   executed a Confidentiality Agreement becomes aware of any violation of this Order,

8   or of facts constituting good cause to believe that a violation of this Order may have

9   occurred, such attorney shall report that there may have been a violation of this

10  Order to the Court and all counsel of record.

11       11.     Within thirty days after the termination of this Lawsuit (whether by

12  dismissal of final judgment), all confidential material (including all copies) shall be

13  returned to counsel for the designating party.  In addition, counsel returning such

14  material shall execute an affidavit verifying that all confidential material produced

15  to such counsel and any subsequently made copies are being returned in their

16  entirety pursuant to the terms of this Order.  Such a representation fully

17  contemplates that returning counsel has:  (1) contacted all persons to whom that

18  counsel disseminated confidential material, and (2) confirmed that all such material

19  has been returned to disseminating counsel.

20       12.     After the termination of this Lawsuit, the provisions of this Order shall

21  continue to be binding and this Court shall retain jurisdiction over the parties and

22  any other person who has access to documents and information produced pursuant

23  to this Order for the sole purpose of enforcement of  its provisions.

IT IS ORDERED:

1 DATED: June 8, 2018

*Karen L. Stevenson*
THE HON. KAREN L. STEVENSON
UNITED STATES MAGISTRTE JUDGE